UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CALVIN EUGENE O'HARA,<br><br>　　　　　　　　　Defendant. | Case No. 2-12-cr-0147-KJD-PAL<br>Related Case: 2-14-cv-2057-KJD<br><br>**ORDER** |

Before the Court is defendant Calvin O'Hara's Motion to Hold in Abeyance an Abridged Motion to Vacate, Set Aside, or Correct Criminal Sentence under 28 U.S.C. § 2255 (ECF No. 86).

This is O'Hara's second attempt at relief under 28 U.S.C. § 2255. His current motion asks the Court to delay decision on his second § 2255 petition until the Ninth Circuit authorizes its filing and until he can file an unabridged version of the petition. The Ninth Circuit granted O'Hara's request to file a successive § 2255 petition on February 16, 2017. O'Hara's new motion challenges the career offender enhancement of the residual clause of § 4B1.2(a) of the United States Sentencing Guidelines ("U.S.S.G."). He argues that Johnson v. United States, 135 S.Ct. 2551 (2015), invalidated U.S.S.G. § 4B1.2(a), making his sentence unconstitutional. The Court has not ordered the government to respond to O'Hara's petition and now finds that a response is unnecessary. Contrary to O'Hara's argument, the Sentencing Guidelines are not subject to a vagueness challenge under Johnson. Accordingly, the Court denies O'Hara's petition.

**I.　　Background**

Calvin O'Hara is currently serving a 120-month sentence after he pleaded guilty to possession of a stolen firearm in violation of 18 U.S.C. § 922(j). Judgment 1, ECF No. 69. At sentencing, the Court designated two of O'Hara's prior convictions "crimes of violence" under

1   U.S.S.G. § 4B1.2(a). Those prior convictions resulted in an increased sentence. The Court issued
2   its judgment of conviction reflecting the enhanced sentence on February 3, 2014. Id. O'Hara did
3   not pursue an appeal. Instead, he timely moved to vacate his sentence under 18 U.S.C. § 2255.
4   O'Hara's petition brought two claims for ineffective assistance of counsel arising out his pre-trial
5   attorney's perceived failure to make certain Fourth Amendment arguments and his counsel's
6   failure to adequately advise O'Hara regarding his plea agreement. Mot. to Vacate 4–5, ECF No.
7   70. The Court reviewed and denied O'Hara's petition on March 10, 2015. Order, ECF No. 71. It
8   also denied O'Hara a certificate of appealability on both claims. Id.

9   　　　Three months later, the Supreme Court issued Johnson. There, the Court invalidated the
10  Armed Career Criminal Act's residual clause as unconstitutionally vague. In so doing, the
11  Supreme Court recognized a new substantive right that applied retroactively on collateral review.
12  See Welch v. United States, 136 S.Ct. 1257, 1265 (2016). Johnson reopened the door for O'Hara
13  and thousands of other inmates to try to challenge the constitutionality of their convictions as
14  long as they filed their petition within one year of the Court's recognition of the right. See 28
15  U.S.C. § 2255(f)(3). Having already sought relief once under § 2255, O'Hara requested Ninth
16  Circuit authorization to file a successive petition. While the Ninth Circuit considered O'Hara's
17  request, he filed an abridged motion to vacate under § 2255 with this Court. He asked that the
18  Court hold it in abeyance until the Ninth Circuit determined whether he would be allowed to file
19  a second petition. O'Hara claimed that he would file the unabridged version of his motion by
20  December 26, 2016, but he did not. Abridged Mot. to Vacate 3, ECF No. 86.

21  　　　The Ninth Circuit granted O'Hara's request on February 16, 2017, and directed this Court
22  to consider his second § 2255 petition, which the Court now does.

23  　　**II.**　　**Legal Standard**

24  　　　28 U.S.C. § 2255 allows a defendant in federal custody to challenge a conviction that
25  "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).
26  Section 2255 is not intended to give criminal defendants multiple opportunities to challenge their
27  sentences. United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir. 1985). Rather, § 2255 applies
28  only to cases where a "fundamental defect" in the defendant's proceedings resulted in a

"complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974). That limitation is based on the presumption that a defendant whose conviction has been upheld on direct appeal has been fairly and legitimately convicted. United States v. Frady, 456 U.S. 152, 164 (1982).

If necessary, the Court may order additional briefing or hold an evidentiary hearing to decide a § 2255 petition. However, the Court need not order a hearing in every case. In fact, the Court may summarily dismiss the petition if it is clear from the record that the petitioner does not state a claim for relief or if the claims are frivolous or palpably incredible. United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989) citing Baumann v. United States, 692 F.2d 565, 570–71 (9th Cir. 1982). However, if the petition is based upon conduct that happened outside the courtroom or off the record, the Court must hold an evidentiary hearing. Burrows, 872 F.2d at 917.

### III.   Analysis

As an initial matter, the Court finds that the record in this case and the applicable legal standard is sufficiently developed to decide O'Hara's petition without an evidentiary hearing. Likewise, the Court need not order the government to respond because the Supreme Court has already encountered—and rejected—O'Hara's arguments. See Beckles v. United States, 137 S.Ct. 886 (2017).

The United States Sentencing Guidelines are not subject to the void-for-vagueness challenge O'Hara brings here. O'Hara asks the Court to extend the Supreme Court's reasoning in Johnson to invalidate U.S.S.G. § 4B1.2(a), which determined that two of O'Hara's prior felony convictions were "crimes of violence." Abridged Mot. to Vac. 5, ECF No. 86. However, the vagueness challenge to the Armed Career Criminal Act that Johnson accepted is not available for challenges to the United States Sentencing Guidelines. Two years after Johnson, the Supreme Court encountered a vagueness challenge to the sentencing guidelines in Beckles v. United States. 137 S.Ct. 886 (2017). Though the language of the sentencing guidelines' residual clause was nearly identical to the residual clause of the ACCA, the Court did not use Johnson to invalidate the guidelines. Instead, the Court found that the guidelines were not subject to void-for-vagueness challenges at all because they are only advisory. Beckles, 137 S.Ct. at 892. The

sentencing guidelines merely inform the Court's discretion; they do not set the defendant's sentence. Id. As a result, U.S.S.G. § 4B1.2(a) is not void for vagueness, and the Court's use of the residual clause to enhance O'Hara's sentence did not violate his due process rights.

Further, because Johnson does not apply here, O'Hara's petition is untimely. 28 U.S.C. § 2255(f) imposes a one-year statute of limitations on collateral attacks. The time period runs from the later of (1) the date the judgment became final; or (2) the date the Supreme Court recognized a new right to relief and determined that relief applied retroactively. 28 U.S.C. § 2255(f). Without Johnson, O'Hara must have filed his motion within one year of his judgment of conviction becoming final. This Court entered judgment against O'Hara on February 3, 2014. Judgment at 1. O'Hara did not pursue a direct appeal. So, at the latest, the deadline for O'Hara to file his § 2255 petition was February 17, 2015. See United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir 2001) (where a defendant does not pursue a direct appeal, the one-year period begins when "the availability of appeal [is] exhausted"). O'Hara timely sought relief under § 2255 the first time, but the Court denied that petition. His successive petition, although authorized by the Ninth Circuit, was not filed until June 24, 2016, and is therefore untimely. Accordingly, the Court denies O'Hara's petition to vacate his sentence under § 2255.

The Court denies O'Hara a certificate of appealability for the same reasons; the sentencing guidelines are constitutional, and his petition is untimely. A certificate of appealability enables a § 2255 petitioner to pursue a direct appeal of the district court's denial of his petition. It is only available to a petitioner who has "made a substantial showing" of a constitutional deprivation in his initial petition. 28 U.S.C. § 2253(c)(2); Welch v. United States, 136 S.Ct. 1257, 1263 (2016). A petitioner has made a substantial showing of a constitutional deprivation if reasonable judges could disagree whether he has suffered such a deprivation. Slack v. McDaniel, 529 U.S. 473, 484 (2000). That is not the case here. The Supreme Court is clear that the United States Sentencing Guidelines are not subject to collateral attacks for vagueness. See Beckles, 137 S.Ct. at 892. Further, because O'Hara cannot invoke Johnson to challenge the sentencing guidelines, his petition is untimely. Therefore, O'Hara has not made the substantial showing necessary to warrant a certificate of appealability.

**IV.    Conclusion**

Accordingly, IT IS HEREBY ORDERED that Calvin Eugene O'Hara's Abridged Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 is deemed filed as of June 24, 2016.

IT IS FURTHER ORDERED that O'Hara's Motion to Vacate is **DENIED** on the merits.

IT IS FURTHER ORDERED that the Court **DENIES** O'Hara a certificate of appealability.

Dated this 3rd day of December, 2019.

_____
Kent J. Dawson
United States District Judge